Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50120 | **DATE** | 7/27/2011 |
| **CASE TITLE** | Peterson v. Meris, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motions for summary judgment [29] [31] are granted as to Counts I, II, and VII. Counts III, IV, V, and VI are dismissed without prejudice. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

On May 22, 2009, plaintiff, Christy Peterson, filed a seven-count complaint against defendants, Marianne Meris[1], Lori Tidwell, Sheriff Richard Meyers, and Winnebago County, arising out of force used against plaintiff by Meris while plaintiff was detained at the Winnebago County Jail. In Count I, in a claim brought pursuant to 42 U.S.C. § 1983, plaintiff alleges that Meris violated her Fourth Amendment rights when Meris used excessive force against her. In Count II, plaintiff seeks to hold Tidwell liable under § 1983 for her failure to intervene while observing the alleged use of excessive force by Meris. In Counts III and IV, plaintiff asserts state law claims for intentional assault and battery (Count III) and intentional infliction of emotional distress (Count IV) against Meris. In Counts V and VI, plaintiff asserts claims for indemnification (Count V) and vicarious liability (Count VI) against Sheriff Meyers and the County of Winnebago. In Count VII, plaintiff asserts a claim against Sheriff Meyers and the County of Winnebago for an unconstitutional policy and practice pursuant to § 1983 and Monell v. New York Department of Social Services, 436 U.S. 658 (1978). Defendants have filed motions for summary judgment on Counts I, II, V, VI, and VII. For the following reasons, defendants' motions for summary judgment as to Counts I, II, and VII are granted, and Counts III, IV, V, and VI are dismissed without prejudice.

## I. BACKGROUND[2]

On May 27, 2008, plaintiff was arrested without a warrant for misdemeanor domestic battery of her brother and taken to the Winnebago County Jail where she was issued a Ferguson blanket[3] and taken by officers to a holding cell to await arraignment and booking. Plaintiff was unable to complete her booking process at that time because of her alleged intoxication. Hours later, on May 27, 2008, at 6:02:46 a.m., as captured by video surveillance, Winnebago County Sheriff's Department corrections officer Meris entered the cell occupied by plaintiff for the purpose of getting plaintiff up and dressed so that she could be taken to booking to complete her intake process. Plaintiff was initially unresponsive to Meris's attempts to wake her. Because of this, Meris pulled the Ferguson blanket off of plaintiff, causing her naked body to be exposed. At this point, plaintiff and Meris exchanged derogatory comments, in which Meris called plaintiff a "drunken bitch," and plaintiff called

Meris a "fat bitch." No physical contact between the parties occurred during this exchange of words.

After plaintiff failed to get up as ordered by Meris, Winnebago County Sheriff's Department corrections officer Tidwell joined them. She walked up to where plaintiff was lying, unfolded the jail issued clothing plaintiff had been given, and talked plaintiff into getting up and dressed. Plaintiff then got off the bed, stood next to a wall, and started putting on the jail issued clothing. As plaintiff started getting dressed, she called Meris a "fat ass." At 6:04:24 a.m., Meris started to walk around the head of the cell bed towards where plaintiff was standing, and at 6:04:27 a.m., Meris, with one hand, grabbed plaintiff by the neck, and then with her other arm on plaintiff's chest pushed plaintiff against the wall. Meris did not squeeze plaintiff's neck, and plaintiff did not appear to be under physical distress. When Meris physically grabbed plaintiff, Tidwell walked around the foot of the cell bed towards plaintiff and Meris and encouraged plaintiff to continue to get dressed. By 6:04:32 a.m., Meris had let go of, and backed away from, plaintiff.

Plaintiff began changing into her jail-issued pants, and as she did this, she told Meris that the pants were too big for her (plaintiff) so they must be Meris's pants. Between 6:05:07 a.m. and 6:05:10 a.m., Meris again approached plaintiff, grabbed plaintiff by the neck with one hand, and pushed plaintiff against the wall. Tidwell then stepped up to plaintiff and Meris and encouraged them to proceed with getting dressed and getting to booking. At 6:05:12 a.m., Meris let go of, and backed away from, plaintiff. Tidwell escorted plaintiff out of the cell as soon as plaintiff finished dressing. At no time during the incident in question did plaintiff make any threatening movement or physical contact that would create a threat to jail security. Tidwell stated that she did not tell Meris to leave because first, plaintiff's cell was located within Meris's own housing unit, and second, because it was not evident at the time that someone was going to get hurt. She did, however, find Meris's actions to be "out of character."

Plaintiff stated that this incident caused her to urinate slightly upon herself. Plaintiff also experienced red marks on her neck from Meris's interaction, which were seen by Tidwell and another corrections officer, Patsy Davis, in the booking area, within ten minutes after the incident. Plaintiff was unsure when the red marks disappeared, but she knew that they were gone before she left the Winnebago County Jail two days later. Meris was subsequently criminally charged with, and pled guilty to, two counts of battery for grabbing plaintiff by the neck. Meris was also terminated from her position on May 29, 2008 as a direct result of the incident.

## II. DISCUSSION

Defendants now move for summary judgment on Counts I, II, V, VI, and VII of plaintiff's claim. Defendants argue that the force suffered by plaintiff was de minimis, that Tidwell did intervene, that Meris and Tidwell did not act within the scope of their employment, that there is no basis for vicarious liability because there is no respondeat superior liability under Monell, and that plaintiff has failed to demonstrate an unconstitutional policy, practice, or procedure under Monell. Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This assertion must be supported by materials in the record, including depositions, documents, electronically stored information, affidavits, declarations, interrogatories and other materials. Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This burden may be met by pointing out an absence of evidence to support the nonmoving party's case. Id. at 325. A "genuine dispute" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). For the purposes of a motion for summary judgment, the court must look at the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

255 (1986).

### A. Count I - Excessive Force

Meris argues that summary judgment should be granted as to Count I because the force used against plaintiff was de minimis, and therefore, does not demonstrate that plaintiff was deprived of her Fourth Amendment rights. For the following reasons, the court agrees.

The Fourth Amendment guarantees citizens the right to be secure in their persons against unreasonable seizures and applies when a claim pertains to excessive force used against a person under a warrantless arrest. Lopez v. City of Chi., 464 F.3d 711, 719 (7th Cir. 2006) ("[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made . . . ." (quotation marks omitted)); see also Sallenger v. City of Springfield, Ill., 630 F.3d 499, 503 (7th Cir. 2010) (stating that inquiry into Fourth Amendment rights is proper when there has not yet been conviction or sentencing). In this case, the Fourth Amendment is a proper basis for inquiry because plaintiff was arrested without a warrant and had not yet completed her booking process or probable cause hearing.

The Seventh Circuit has noted that the de minimis doctrine applies "[i]n constitutional tort cases (including cases brought to vindicate rights created by the Fourth Amendment) as elsewhere in the law . . . ." Williams v. City of Champaign, 524 F.3d 826, 829-30 (7th Cir. 2008). As such, an excessive force claim cannot be predicated on a de minimis use of physical force. Cunningham v. Grozik, No. 01 C 6657, 2004 WL 1102294, at *5 (N.D. Ill. May 3, 2004) (citing DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000)). At the same time, a significant injury is not a prerequisite to an excessive force claim. Wilkins v. Gaddy, 559 U.S.__, 130 S. Ct. 1175, 1178 (2010); see Chambers v. Pennycook, 641 F.3d 898, 906 (8th Cir. 2011) ("We are not convinced, however, that evidence of only de minimis injury necessarily forecloses a claim of excessive force under the Fourth Amendment. The appropriate inquiry is 'whether the force used to effect a particular seizure is reasonable.'" (quoting Graham v. Connor, 490 U.S. 386, 396 (1989))). Consequently, while a lack of injury may reflect upon the amount of force used, it is not determinative of whether the force is de minimis. See Wilkins, 130 S. Ct. at 1178 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.").

There is no bright line rule as to whether the force used is de minimis. In DeWalt, the Seventh Circuit affirmed the district court's finding that the force used against a prisoner by a corrections officer was merely de minimis where the officer shoved the prisoner against a door in response to the prisoner telling the officer that his actions were "unprofessional." DeWalt, 224 F.3d at 610-11, 620. The prisoner suffered bruising on his back and was inspected by the prison medical staff, but there was no further visible injury. Id. at 611.

This case is analogous to DeWalt. As in Dewalt, Meris made minimal contact with plaintiff after plaintiff made an inappropriate remark. The evidence shows that Meris responded to plaintiff's insubordinate comments by pressing plaintiff up to the wall by the neck. Plaintiff admits that Meris did not squeeze her neck or choke her in any way during the first contact. Plaintiff describes the second contact to include more direct pressure on her neck, however, both instances of contact lasted less than five seconds each. Although this happened twice, it was within a thirty-second time span and part of the same series of conduct. There was no striking or jarring force used against plaintiff's body and no part of her body was slammed against the wall. Essentially, plaintiff was held briefly while Meris said something to her. Furthermore, as in DeWalt, the resulting injury was very minimal. Plaintiff did not seek medical attention for her injuries, and while the contact between Meris and plaintiff caused plaintiff to have red marks on her neck and to slightly urinate, she did not experience any bruising from the contact. Compare Dewalt, 224 F.3d at 620 (finding bruising to be a minimal injury and evidence of a de minimis use of force). The red marks were gone by the time plaintiff left the facility. For these reasons, the court finds that no reasonable jury could conclude that the force used by Meris was anything more

| STATEMENT |
|---|

than de minimis. Accordingly, Meris's motion for summary judgment as to Count I is granted.

### B. Remaining Constitutional Claims

Summary judgment is also granted on plaintiff's remaining constitutional claims. In Count II, plaintiff claims that Tidwell violated plaintiff's Fourth Amendment rights by failing to intervene and prevent or stop Meris from exerting excessive force upon plaintiff. In order to be liable for failure to intervene under § 1983, it logically follows that there must have been an underlying constitutional violation. Harper v. Albert, 400 F.3d 1052, 1064 (7th Cir. 2005) (holding that there could be no failure to intervene claim when a prisoner failed to prove an underlying constitutional violation of excessive force). In this case, because plaintiff has been unable to prove an underlying constitutional violation, there is no basis for a failure to intervene claim, and summary judgment is granted as to Count II. See id.

Similarly, summary judgment must be granted on plaintiff's Monell claim in Count VII. "[A] municipality cannot be liable under Monell when there is no underlying constitutional violation by a municipal employee." Sallenger v. City of Springfield, Ill., 630 F.3d 499, 504 (7th Cir. 2010). As stated above, this court has found there to be no underlying constitutional violation of excessive force, and therefore, plaintiff's Monell claim cannot stand. As such, summary judgment as to Count VII is granted.

### C. Remaining State-Law Claims

In light of summary judgment in favor of defendants in Counts I, II, and VII, the court will relinquish jurisdiction over the remaining supplemental state-law claims rather than resolving them on the merits. See 28 U.S.C. § 1367(c)(3). Accordingly, Counts III, IV, V, and VI are dismissed without prejudice. See Williams v. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007); Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

### III. CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment as to Counts I, II, and VII are granted, and Counts III, IV, V, and VI are dismissed without prejudice.

---

1. Defendant is referred to as "Marian Maris" in plaintiff's complaint and in the motion for summary judgment submitted by Tidwell, Sheriff Meyers and the County of Winnebago. Defendant is referred to as "Marianne Meris" in her own motion for summary judgment. For the purposes of this motion, the court will call her Marianne Meris.

2. The parties have agreed to most of the facts. Where certain background facts did not appear in the parties' Rule 56.1 statements, they are gathered from evidence submitted by the parties. All facts are construed in favor of the plaintiff, as this court must on a motion for summary judgment. Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 490 (7th Cir. 2007).

3. A Ferguson blanket is a safety product designed to eliminate features that could be made into potential weapons of self-harm, and it is used to keep volatile inmates from harming themselves or others.